IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNY FARLEY, )<br>        Plaintiff, )<br>                   )<br>v.                     )<br>                   )<br>JACOB KOEPP, JONATHAN HADLEY,)<br>VINIT JITENDRA TAILOR, GRANITE)<br>CITY HOTELS AND SUITES, LLC, and)<br>GRANITE CITY, ILLINOIS, )<br>                   )<br>        Defendants. ) | Case No. 3:13-cv-234-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Dismiss filed by Defendants, Jonathan Hadley and Jacob Koepp, on May 20, 2013 (Doc. 6), the Motion to Dismiss filed by Defendant, Granite City, Illinois, on May 22, 2013 (Doc. 10), the Motion to Dismiss filed by Defendant, Granite City Hotels and Suites, LLC., on June 5, 2013 (Doc. 19), and the Motion to Dismiss filed by Defendant, Vinit Jitendra Tailor, on August 16, 2013 (Doc. 38). For the reasons set forth below, Defendants Hadley's, Koepp's, and Granite City, Illinois' Motions (Docs. 6 and 10) are **GRANTED** and Defendants Granite City Hotels and Suites, LLC.'s and Tailor's Motions (Docs. 19 and 38) are **GRANTED IN PART**.

**BACKGROUND**

Plaintiff's, Danny Farley's, March 12, 2013 Complaint (Doc. 2) outlines a series of events that took place on March 9, 2011.[1] At that time, Plaintiff was living at the Econo Lodge Inn and Suites, in Granite City, Illinois, and had been since February, 2011. Plaintiff alleges that upon

---

[1] The Complaint, in paragraph 17, erroneously lists 2010 as the year the events took place. All parties agree that the actual year of the events is 2011.

hearing a loud noise in an adjacent room, he called the police to "report the disturbance." The police also were called by Defendant Vinit Jitendra Tailor, an employee of Granite City Hotels and Suites, LLC. (hereinafter "GCHS"), who was working at the Econo Lodge during the relevant time period. Defendants Jacob Koepp and Jonathan Hadley, Granite City, Illinois Police Officers, responded to the emergency calls. However, according to the Complaint, instead of investigating the noise disturbance they inexplicably forcibly evicted Plaintiff from his hotel room:

> Defendants then advised Plaintiff that he was being placed under arrest and dragged Plaintiff out of his leased premises with excessive force, and proceeded to physically accost him under the auspices of placing him under arrest, during which time they improperly deployed their TASRs and used other improper restraint tactics and force against Plaintiff that was unnecessary, unreasonable, and excessive (Complaint ¶ 29).

Plaintiff asserts three Counts pursuant to Title 42 U.S.C. §1983 and one state law count. Count 1 asserts a claim against Defendants Koepp and Hadley for "violations of Plaintiff's constitutional rights" (Comp. ¶ 38). Count 2 asserts that Defendant Tailor "engaged in conduct that was otherwise chargeable to the State" related to Plaintiff's forcible eviction (*Id.* at 41). Count 3 alleges a state law claim of forcible eviction against Defendants Tailor and "Econo Lodge" (which the Court assumes is meant to be GCHS) (*Id.* at 47). Count 4 is an unconstitutional policies and customs claim against the City of Granite City, Illinois (*Id.* at 50).

Defendants have filed Motions to Dismiss in which they argue that Plaintiff filed this lawsuit 3 days beyond the 2-year statute of limitations applicable to section 1983 lawsuits in Illinois (Docs. 6, 10, 19, and 38). Defendants GCHS and Tailor also argue that Plaintiff failed to state a claim for forcible entry and detainer under Illinois law. 735 ILL. COMP. STAT. § 5/9-101, *et seq*.

On March 8, 2013, the Clerk of Court filed a Notice in this matter indicating that "[a]s

requested in an email submitted to the clerk's office new case mailbox in East St. Louis, Illinois, a new civil case has been opened" (Doc. 1). The Notice then instructed Plaintiff to file his complaint in the Court Management/Electronic Case Filing (hereinafter "CM/ECF") docketing system and pay the filing fee. Plaintiff did not actually file his Complaint until March 12, 2013, as reflected in the docket sheet.

In responding to the Motions to Dismiss (Docs. 23, 24, 28, and 43), Plaintiff states that while he does not dispute the 2 year limitations period, the Complaint was filed when it was delivered to the Clerk of Court, by e-mail, on March 8, 2013. Plaintiff also asserts that when he received the Notice from the Clerk's Office (Doc. 1),[2] he attempted to file the Complaint on March 11, 2013 (a Monday), that he experienced difficulties in paying the filing fee electronically, and that when he "obtained clarification of the payment procedures" on March 12, 2013, he "uploaded the complaint to the system as reflected on the docket report."[3] Plaintiff further argues

---

[2] The Notice of Electronic Filing for this document indicates that it was e-mailed to Plaintiff's counsel on March 8, 2013 at 5:11 p.m. CST.

[3] Plaintiff has attached the affidavit of Julie Rickert, an assistant to Plaintiff's counsel (*See* Doc. 23-1). Ms. Rickert explains that she e-mailed a copy of the complaint to the Clerk's office at 4:15 p.m. on March 8, 2013 (a Friday) and believed that such a procedure constituted "filing" the Complaint. When she returned to work on Monday, March 11, 2013, she noticed an e-mail from the Clerk's Office, time-stamped 5:15 p.m. on March 8, 2013, instructing her that documents may now be electronically filed and that a case number must be included in any such filings. Finally:

> Because I understood that the Complaint had been delivered and filed with the Court on March 8, 2013, and filing fee payment was not mandatory that day, I waited until March 12, 2013, to seek clarification of the payment procedure at which time I completed the electronic payment and uploaded the Complaint to the system as reflected on the Docket Report.
>
> (Julie Rickert Affidavit ¶ 6).

Generally, if evidence attached to a response to a Motion to Dismiss is considered by the Court, the Motion must be converted into one for summary judgment. In this matter, however, the

that he can seek damages for the forcible entry into his hotel room and the subsequent eviction. Defendants Koepp, Hadley, and Granite City, Illinois have filed reply briefs (Doc. 26 and 27) because "Plaintiff's response grossly mistakes the law in this matter" and because of new facts outlined in the Response (regarding the submission of the Complaint and difficulties with paying the filing fee). The Court will consider the replies, even though they are generally disfavored.

## DISCUSSION

This case represents the perils of waiting until the last minute to complete a time-sensitive task. Or perhaps, this case represents the perils of leaving work prior to 5:15 p.m. on a Friday. Either way, Plaintiff has missed an important deadline.

On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). A statute of limitations claim is an affirmative defense and a complaint need not anticipate or plead facts to defeat such a defense. However, if the complaint "sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

Title 28 U.S.C. § 1983 lawsuits in Illinois are governed by the two-year limitations period that applies to all personal injury torts. *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir.

---

information contained in Ms. Rickert's affidavit is either contained in the record of the case or is irrelevant to the issues before the Court.

Page **4** of **10**

1997); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). The events that gave rise to the Complaint occurred on March 9, 2011; therefore, Plaintiff had until March 9, 2013 to file his Complaint. The Complaint was not filed until March 12, 2013. The question presented in this case is whether a Complaint is "filed" when it is transmitted by e-mail to the Clerk's Office or whether it is "filed" when it is docketed in the CM/ECF system. This Court finds that the Complaint was filed when it was docketed in the CM/ECF system, and a subsequent Notice of Electronic Filing was generated, on March 12, 2013. The Complaint is accordingly filed beyond the applicable statute of limitations.

"A civil action is commenced by filing a complaint with the court." FED.R.CIV.P 3. Rule 5(d)(2)(A) goes on to state that "[a] paper is filed by delivering it to the clerk." However,

> A court may, by local rule, allow papers to be filed, signed or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States. A local rule may require electronic filing only if reasonable exceptions are allowed. A paper filed electronically in compliance with a local rule is a written paper for purposes of these rules. Fed.R.Civ.P. 5(d)(3).

Local Rule 5.1 provides that "[a]ll parties must file documents by electronic means that comply with procedures established by the Court unless specifically exempted for good cause shown." These procedures are contained in this Court's Electronic Filing Rules that were adopted on January 20, 2004. Rule 1 provides for Electronic Case Filing ("ECF") and specifies that "[a]ttorneys must utilize the ECF system, unless specifically exempted by the court for good cause shown." Rule 3 lists the consequences of electronic filing including that "[E]lectronic transmission of a document to the ECF system consistent with these rules, together with the transmission of a 'Notice of Electronic Filing' from the court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure . . ." There is no indication in the docket

that Plaintiff's counsel requested an exception to the ECF rules; indeed, Plaintiff's counsel used the system to file the Complaint.[4]  No Local Rule or Electronic Filing Rule permits the filing of a complaint through an e-mail to the Clerk of Court.

Rather, the Case Management/Electronic Case Filing User's Manual ("CM/ECF Manual") provides that:

> Attorneys must submit civil cases by e-mail.  The Clerk's Office will open the new civil case by entering the case number . . . . When filing a new case by e-mail,[5] complaint/notice of removal MUST be sent in PDF to the proper divisional mailbox . . . . The Clerk will open your case in ECF and notify you via the CM/ECF system that the case is opened and available for you to electronically file the complaint/notice of removal.  *Id.* §4.0

Thus, when Plaintiff e-mailed a copy of his Complaint to the Clerk of Court, on March 8, 2013, he received a Notice that a civil case was opened and that the Complaint "must be electronically filed" (Doc. 1).  The Notice further states:  "**Even though a file has been opened in the clerk's office, the complaint or notice of removal is not deemed 'filed' with the clerk until it is transmitted to the ECF system**" (*Id*. (emphasis in original)).  Contrary to Plaintiff's understanding, the resultant Notice of Electronic Filing (NEF) generated when the Notice was filed (Plaintiff's Exhibit 3) did not represent notification that the Complaint had been filed; rather, the NEF informed Plaintiff that the Notice had been filed.  When Plaintiff received this Notice, he should have taken steps (immediately it would appear) to file his Complaint in order to toll the limitations period.  That Plaintiff elected to wait until the following week (and indeed Tuesday of

---

[4] In the case of *pro se* filers, documents are "filed" by mailing them to the Court via the U.S. Mail or by personal delivery.

[5] It is unfortunate and perhaps confusing that the *manual* describes filing a new case by e-mail. As indicated above, no *Rule* governing this Court, the parties, or the manner in which Complaints are accepted, allows for the filing of a complaint through e-mail.  The manual can be accessed from the Court's webpage, www.ilsd.uscourts.gov.  The current version of the CM/ECF Manual has replaced the word "filing" in this sentence with "submitting."

the following week), to actually file his Complaint, is a decision whose consequences the Plaintiff must suffer.

Plaintiff nonetheless argues that a "technical" error in filing the Complaint should not render this suit untimely. In *Robinson v. Doe*, 272 F.3d 921 (7th Cir. 2001), the Seventh Circuit Court of Appeals stated that:

> The complaint is 'filed' for purposes of [a statute of limitations] when the court clerk receives that complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like; for a 'clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules.'" *Id.* at 922-923 (quoting Fed.R.Civ.P. 5(e) (2001)).[6]

Thus when the Plaintiff (a *pro se* inmate) mailed a Complaint to the Clerk of Court without the filing fee or a motion to proceed *in forma pauperis*, the Clerk may not reject the pleading and it is deemed filed on the day it was received. 272 F.3d at 923. A "mere error of form" should not prevent the Court from finding that a document was timely filed. *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). *Robinson* addressed a factual scenario where a Plaintiff properly submitted a timely complaint, by mailing it to the Clerk's Office, but where he failed to submit the filing fee. Likewise, in *Harvey*, the Defendant filed a (timely) electronic notice of appeal including all of the necessary information but failed to comply with a local rule requiring him to file it on physical paper.

In *Farzana K v. Indiana Dept. of Educ.*, the Seventh Circuit considered a "bungling lawyer's" attempt to file a complaint at the "last hour." 473 F.3d 703 (7th Cir. 2007). In that case, an attorney had 30 days to file a complaint and attempted to file that complaint on the final day:

---

[6] A variation on this Rule is located in the current Rule 5(d)(4): "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."

Page **7** of **10**

> Farzana K.'s lawyer made the mistake of waiting until late afternoon of the last possible day: July 6, 2005. The Northern District of Indiana accepts electronic filings, and counsel submitted the complaint online. Making a second mistake, counsel used the docket number of the 2004 suit. The computer rejected the filing with the notation that the case had been closed. (This did not, however, prevent the court's computer from forwarding copies to the school system's lawyers.) Farzana K.'s lawyer then dispatched paper copies, but the courier did not reach the courthouse until the clerk's office had closed. On July 8 counsel tendered a new complaint, identical to the one the computer had rejected except that the space for a docket number was blank and the word "amended" had been deleted from in front of "complaint." The district court held that July 8 was too late—that, indeed, counsel's delay had deprived the court of subject-matter jurisdiction.

> *Id.* at 704-05.

The Court noted that the "computer's" rejection of the complaint would not have occurred had the Plaintiff tendered a hardcopy of the complaint to an actual clerk: said clerk would have merely corrected the technical problems (i.e. inserted the proper case number) and filed the complaint. *Id.* at 707. Thus, '[p]apers with bad docket numbers, or the wrong size (say, legal rather than letter), or with sections in the wrong order (say, a summary of argument ahead of the statement of facts), all display improper form" and may not be rejected for filing by the Clerk. *Id.* at 707. And, "[a]n e-filing system likewise must accept every document tendered for filing; it cannot reject any paper that the clerk must accept." *Id.* at 708. In *Robinson*, *Harvey*, and *Farzana K*, one lesson is that the Clerk of Court may not reject for filing documents that otherwise must be accepted had the litigant either mailed, by U.S. Mail, or physically presented the document to a Clerk.

In this case, the Clerk did not affirmatively reject a pleading tendered by a party. Rather, in conformity with the Rules of this Court, the Clerk informed Plaintiff that he must file the complaint in the CM/ECF system himself. Plaintiff in this instance is not proceeding *pro se* such that physical paper filings would be accepted. Plaintiff did not seek exemption from CM/ECF

filing rules. Plaintiff did not electronically docket a formally deficient pleading. And, Plaintiff did not even *attempt* to docket a pleading that was rejected because of a technical error. Rather, Plaintiff elected to not docket his complaint until after the limitations period had run. There was no rejection on the part or the Clerk, there was merely inaction on the part of the Plaintiff.

Plaintiff also cannot rely on the fact that he e-mailed his complaint to the Clerk of Court. As indicated above, there is no rule of law, Federal Rule, or Local Rule, that would allow a litigant to "file" a document by e-mailing it to the Clerk of Court. *See* e.g. *McIntosh v. Antonino*, 71 F.3d 29, 34-35 (1st Cir. 1995) ("The appellant posits that the January 7 facsimile transmission satisfied the filing requirements of the Civil Rules, thus stopping the limitations clock. He is whistling past the graveyard. Absent a local rule authorizing the practice, facsimile filings in a federal court are dead on arrival."); *Mesquida v. Whole Foods Market Rocky Mountain/Southwest, L.P.*, 2013 WL 6168844 (D. Colo. 2013) (inferentially holding that a complaint submitted by e-mail to the Clerk of Court is not "filed"); *Taylor v. Astrue*, 2011 WL 4372697 (S.D. Ill. 2011) (holding that a complaint was filed when docketed in the CM/ECF system); *Johnson v. Commissioner of Social Security*, 2010 WL 2365522 (N.D. W.Va. 2010) (noting that a faxed submission to the Clerk is not a filing); *Siddle v. Wal-Mart Stores, Inc.*, 2008 WL 2789294 (S.D. Ill. 2008) (holding that an e-mail to the Clerk attempting to remove an action is not a filing). In a case cited by Plaintiff, *McClellon v. Lone Star Gas Co*, 66 F.3d 98 (5th Cir. 1995), the Fifth Circuit held that "the clerk does not possess the power to reject a pleading for lack of conformity with form requirements, and a pleading is considered filed when placed in the possession of the clerk of the Court." *Id.* at 101. In that case, however, there is no indication of how the Plaintiff submitted her complaint to the Clerk, just that the Clerk "received a pro se document" which was then date stamped. Plaintiff in this matter is represented by counsel. Lack of knowledge of how to properly file a civil complaint

cannot be an excuse in light of this Court's almost decade's long use of CM/ECF. This Court explicitly finds that e-mailing a document to the Clerk of Court does not constitute filing within the meaning of the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Electronic Filing Rules. Plaintiff's § 1983 claims are untimely and are **DISMISSED, WITH PREJUDICE**, as such.

In light of this conclusion, this Court declines to extend supplemental jurisdiction over Plaintiff's state law claims and they are accordingly **DISMISSED WITHOUT PREJUDICE.** *See O'Grady v. Village of Libertyville*, 304 F.3d 719, 725 (7th Cir. 2002).

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants, Jonathan Hadley and Jacob Koepp, on May 20, 2013 (Doc. 6) is **GRANTED**, the Motion to Dismiss filed by Defendant, Granite City, Illinois, on May 22, 2013 (Doc. 10) is **GRANTED**, the Motion to Dismiss filed by Defendant, Granite City Hotels and Suites, LLC., on June 5, 2013 (Doc. 19) is **GRANTED IN PART**, and the Motion to Dismiss filed by Defendant, Vinit Jitendra Tailor, on August 16, 2013 (Doc. 38) is **GRANTED IN PART**.

Plaintiff's § 1983 claims, Counts I, II, and IV, are **DISMISSED WITH PREJUDICE** and Plaintiff's state law claim, Count III, is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case accordingly.

**IT IS SO ORDERED.**

**DATED: March 3, 2014**

          **DONALD G. WILKERSON**
          **United States Magistrate Judge**